UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

**ONTARIO SAMUELS**  **CIVIL ACTION NO. 5:13-cv-2775**

**VS.**  **SECTION P**

**JUDGE S. MAURICE HICKS**

**JUDGE RAMONA EMANUEL, ET AL.**  **MAGISTRATE JUDGE KAREN L. HAYES**

REPORT AND RECOMMENDATION

*Pro se* plaintiff Ontario Samuels, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on September 30, 2013. Plaintiff is an inmate in the Caddo Correctional Center. When he filed the complaint he was charged with being a parole violator and failing to register as a sex offender. He had been in custody on that charge since his arrest on February 18, 2013. While this suit was pending initial review, he was transferred to the custody of the Natchitoches Parish Sheriffs Office on October 21, 2013. [Doc. 9]Thereafter, on December 9, 2013, he was returned to Caddo Parish and once again booked into the Caddo Correctional Center on the charge of failing to register as a sex offender.[1]  He claims that he is the victim of misidentification, that he is not a sex offender, and that he is being confused with another individual named Ontario Samuels. He sued Judge Ramona Emanuel, a judge of the First Judicial District Court, Caddo Parish District Attorney Rex Scott and his assistants, and attorney Carolyn J. Sartin, the attorney appointed to represent him in these on-going criminal proceedings. He prays that the defendants be relieved from their duties indefinitely and that they be subject to

---

[1] See Caddo Parish Sheriff's Office Website, Currently Housed Inmates at http://www.caddosheriff.org/inmates/?lastNameChar=S as of December 10, 2013.

criminal liability for conspiracy. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE** as frivolous.

### *Statement of the Case*

As noted above, on February 18, 2013, plaintiff was arrested and booked into the Caddo Correctional Center for failing to register as a sex offender. Those charges are apparently pending in the First Judicial District Court, Caddo Parish. Plaintiff has long claimed that he is being mistaken for another individual named Ontario Samuels who is a sex offender. As noted above, plaintiff seeks neither money damages nor his release from custody. Instead, he asks that Judge Emanuel, District Attorney Scott and his assistants, and Ms. Sartin of the Caddo Parish Public Defender's Office be relieved from duty and subject to prosecution for conspiracy.

### *Law and Analysis*

*1. Screening*

Plaintiff is a prisoner who has been permitted to proceed *in forma pauperis.* As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir.1998) (per curiam). Because he is proceeding *in forma pauperis,* his complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2) (B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

## 2. Relief Requested

Plaintiff demands that the defendants be prosecuted for the criminal offense of conspiracy. There is no constitutional right to have a person criminally prosecuted. *See Oliver v. Collins*, 914 F.2d 56, 60 (5th Cir.1990); *Oliver v. Collins*, 904 F.2d 278, 281 (5th Cir. 1990). Decisions whether to prosecute or file criminal charges against an individual lie within the prosecutor's discretion, and private citizens do not have a constitutional right to have an individual criminally prosecuted. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *United States v. Batchelder*, 442 U.S. 114, 124 (1979). The prosecution of criminal actions in the federal courts is a matter solely within the discretion of the Attorney General of the United States, and duly authorized United States Attorneys. The prosecution of criminal actions in the Louisiana courts is a matter solely within the discretion of the Louisiana Attorney General and the various District Attorneys. *See* La. C.Cr.P. arts. 61 and 62. To the extent that plaintiff demands that the defendants be prosecuted, his claim is frivolous.

Plaintiff also asks that the defendants be relieved from their duties. Judge Emanuel and District Attorney Scott are duly elected officials of the State of Louisiana. Scott's assistants are appointed to their positions by the District Attorney. Ms. Sartain is an employee of the Caddo

Public Defender. Section 1983 does not authorize the Court to intervene in such a manner as is requested by plaintiff. First, the federal district court lacks jurisdiction to review actions in the nature of mandamus, seeking to compel state officials to perform duties allegedly owed the plaintiff, as for example in this case, compelling state officials to terminate the employment of other state officials or employees. *Compare Rothstein v. Montana State Supreme Court*, 637 F.Supp. 177 (D.Mont.1986); 28 U.S.C. § 1361; *Lamar v. 118th Judicial District Court of Texas*, 440 F.2d 383 (5th Cir.1971). Second, it is axiomatic that, "our federal system imposes limits on the federal government's ability to interfere with the criminal justice systems of the States..." *See Medellin v. Texas*, 552 U.S. 491 (2008). In short, plaintiff's requests for relief are patently frivolous.

### 3. The Complaint

Finally, plaintiff has been permitted to proceed *in forma pauperis*. District courts may dismiss an *in forma pauperis* complaint as frivolous under § 1915(d) if it lacks an arguable basis in law or fact. *Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir.), *cert. denied*, 115 S.Ct. 220 (1994). "Section 1915(d) accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Id*. (internal quotation and citation omitted). Plaintiff's underlying claim – that there are two persons named Ontario Samuels and that "the other" Samuels, but not the plaintiff, is the sex offender who has failed to register according to Louisiana – strains credulity. As noted in the exhibits proffered by plaintiff, the sole basis for this ludicrous claim is that the offending Samuels has the middle initial "A" but plaintiff does not; and, that plaintiff and the offending

Samuels have virtually identical Social Security Numbers, which differ only in the fact that one number ends in 2 and the other in 7. [Doc. 12-1, pp. 1-3] Plaintiff's complaint clearly lacks a basis in fact and should be dismissed as frivolous.

### *Conclusion and Recommendation*

Therefore,

**IT IS RECOMMENDED THAT** plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.  1996).

In Chambers, Monroe, Louisiana, December 10,  2013.

_____
KAREN L. HAYES
U. S. MAGISTRATE JUDGE